## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| JEFFREY L. COLE | CIVIL ACTION NO. 05-1138-L |
| VS. | SECTION P |
| LAFAYETTE PARISH CORRECTIONAL | JUDGE MELANÇON |
| CENTER ET AL. | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION

Before the court is Jeffrey L. Cole's civil rights complaint filed *pro se* and *in forma pauperis* on June 27, 2005. Cole is an inmate in the Lafayette Parish Correctional Center, Lafayette, Louisiana. The pleadings do not establish whether he is a pre-trial detainee or a convict.

Cole named the Lafayette Parish Correctional Center (LPCC), the Lafayette Parish Sheriff's Office (LPSO), the Lafayette Consolidated Government (LCG), and the Federal Marshal's Office (USMS) as his defendants. He prayed for "... a chanse [sic] to amend my cases to a less excessive relief, to drop some defendants to what you see..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff's complaint is difficult to decipher. He "...beli[e]ve[s] that someone paid a mob leader of the Texas Sindate Mob to kill [him]..." because "...he told on a group of [lawyers] to a lawyer..." He further "beli[e]ve[s] that the Sheriff and associates tried to hide these events and denied [him] proper recovery..." He claims that he filed suit based on these facts in the

"Lafayette Parish State Court" and that the suit, assigned Docket Number 2004-1991, was dismissed without a hearing. He claims that he did not appeal this judgment because motions he had filed "...were missing." He claims that he exhausted the LPCC administrative remedies procedure "up to 3 ½ steps but ... was told their [sic] was no warden available..."

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

As is shown hereinafter, plaintiff's complaint is subject to dismissal on any number of grounds. Therefore, it appears unlikely that any amendment would cure this inherently frivolous lawsuit.

### 2. Fanciful, fantastic or delusional allegations

Plaintiff's allegations border on the delusional. He claims only to "believe" that he was the intended target of an apparently failed "mob hit." He claims also to "believe" that the "Sheriff and associates" tried to hide these events and thus deny him "proper recovery." He does not present a logical set of facts to support any claim for relief. Instead, his complaint recites fantastic charges which are fanciful and delusional in nature. Further, his prayer for relief is likewise fanciful. He asks for "... a chanse [sic] to amend my cases to a less excessive relief, to drop some defendants to what you see..." Even if the factual allegations of plaintiff's complaint were comprehensible, it is unlikely that the court could provide the relief requested.

Dismissal is clearly warranted under these circumstances.

### 3. Limitations

It also appears that the incident which forms the basis of this suit occurred "...in the year of 2003..." Nevertheless, plaintiff did not file this action until June, 2005.

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations

provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). It has also approved the use of the one-year limitations period for *Bivens* [1] suits arising in Louisiana. See *Alford v. United States*, 693 F.2d 498, 499 (5th Cir.1982).

Nevertheless, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

If plaintiff's claims accrued in 2003, then he had one year, or until the corresponding date in 2004 to file suit. Plaintiff's suit was filed in June, 2005 and thus, it appears to be barred by the applicable limitations period.

### 4. The Defendants – LPCC and LPSO

Plaintiff has sued the Lafayette Parish Correctional Center and the Lafayette Parish Sheriff's Office. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the LPCC has the capacity to sue or be sued in this action. Under Louisiana law,

---

[1] Plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. However, since § 1983 is inapplicable to federal employees and agents, and since the defendant United States Marshal Service is a federal entity, the court construes this aspect of plaintiff's claim as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) which authorizes civil rights suits against federal employees or agents.

to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

The LPCC is apparently a parish corrections facility operated by the Lafayette Parish Sheriff's Office. [See La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.]

In Louisiana, the parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988). In other words, the State of Louisiana has not granted juridical status to either the Lafayette Parish Sheriff's Office or the LPCC. Plaintiff's suit against these non-juridical entities is frivolous.

5. The Defendant – LCG

Plaintiff has also sued the Lafayette Consolidated Government. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. A plaintiff must allege three elements to state a claim through a Section 1983 action. *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir.1986). He must allege: (1) a deprivation of a right secured by federal law (2) that occurred under color

of state law, and (3) was caused by a state actor. *id.* "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir.1994) (*en banc*).

Municipalities and parishes are "persons" within the meaning of § 1983. *Monell v. Dep't of Social Services. of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, these governmental entities are liable only for their own acts and not those attributed to them by principles of *respondeat superior*. *Id.* at 691-92, 98 S.Ct. 2018. "... Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018.

Therefore, a § 1983 plaintiff must, at a minimum allege that the municipal or parochial action was taken with the requisite degree of culpability; and he must allege a direct causal link between the municipal action and the deprivation of federal rights. *Bd. of the County Comm's of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997);

Causation sufficient to state a §1983 claim requires that the local government unit itself be the actor. Thus, the first inquiry in a municipal/parochial liability case is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

In short, a municipality/parish may not held liable solely for the actions of its employees. *Bryan County*, 520 U.S. at 405, 117 S.Ct. 1382. Plaintiff does not allege what LCG did or did not do to incur liability. However, the facts alleged by plaintiff clearly do not suggest any liability on

the part of that government entity.

### 6. The Defendant – USMS

Finally, plaintiff names the United States Marshal Service (which he designates as the "Federal Marshalls Office") as a defendant. "It has long been established ... that the United States, as sovereign, is immune from suit save as it consents to be sued.'" *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70 [1941] ). Sovereign immunity bars suits brought by a private party against the United States or its agencies, such as the Marshals Service. *Kelley v. United States*, 69 F.3d 1503, 1506 (10th Cir.1995). The Supreme Court has explicitly held that a *Bivens* cause of action may be brought against federal <u>officials</u>, but not federal <u>agencies</u>. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994). Therefore, absent a waiver of sovereign immunity, the *Bivens* remedy exists solely against individual federal officials, not against the United States or its agencies. Because the Government has not waived its sovereign immunity plaintiff's claims against the Marshals Service must be dismissed.

Accordingly**,**

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** as frivolous and for failing to state a claim for which relief may be granted and for naming defendants immune from suit, all in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(b) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 7, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)